## JOHN SHUNK

### *v.*

## JOSEPH HELLMILLER.

Under section 136, page 517, Pub. St., an appeal lies to the District Court from the judgment of a justice of the peace, when the amount claimed in the complaint exceeds thirty dollars, in all cases save what are excepted in the "provisos" of said section.

Shunk brought an action against Hellmiller before a justice of the peace in Goodhue county, for damages done to the growing crops of the plaintiff by the cattle of the defendant, etc., and claimed judgment for the sum of $35, the value of the crops, and the further sum of $10 for the trouble and expense plaintiff incurred in driving away defendant's horses and colts, and in repairing the fences, and for injury to the same, amounting in all to the sum of $45 00. Issue was joined, and the cause tried, and judgment rendered in favor of plaintiff for the sum of $10 00 and costs. Defendant appealed to the District Court of said county. A motion was there made by the plaintiff to dismiss the action and appeal, "upon the ground that the same was not an action that could be appealed to the District Court, the judgment therein being for a sum less than $15, viz: the sum of $10 and costs," etc. The motion was granted, and the defendant appeals to this court.

PHELPS & TABER, for appellant.

W. COLVILLE, for respondent.

Shunk v. Hellmiller.

*By the Court*—BERRY, J.—This is an appeal from an order of the District Court of Goodhue county, dismissing an appeal from a justice of the peace. Sec. 136, page 517, Pub. Stat., provides as follows: "Any person aggrieved by any judgment rendered by any justice of the peace, under this article, where the judgment shall exceed fifteen dollars, or in action of replevin, where the value of the property, as sworn to in the affidavit for a writ of replevin, shall exceed fifteen dollars, *or where the amount claimed in the complaint shall exceed thirty dollars*, may appeal," etc. This case calls for a construction of the words italicised. The clause is somewhat ambiguous, and may apply either to the action of replevin exclusively, or to all actions save what are excepted in a subsequent part of the section. We think the latter is the true interpretation. It is difficult to conceive of any reason why an appeal should be allowed in an action of replevin, more than in any other action, simply because the amount claimed in the complaint exceeds thirty dollars. If the deprivation of the right of appeal would be a hardship in one case, it must be equally so in the other, for in both the question is one of dollars and cents. As this was an action of trespass, and the amount claimed in the complaint was $45 00, the order must be reversed and the cause remanded.